Timothy A. Adams, Bar No. 213896
Phillip W. VanAllsburg, Bar No. 276958
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiffs,
R.J., et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J., et al.<br><br>Plaintiffs,<br><br>vs.<br><br><br><br>IRVINE UNIFIED SCHOOL DISTRICT,<br><br>Defendant.<br>_____ | CASE NO. 8:22-cv-1180<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. This action arises under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 *et seq.*] ("IDEA")[1] and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. § 1400 *et seq.*; 42 U.S.C. § 1983; 34 C.F.R. § 300 *et seq.*; 20 U.S.C. Section 1415(i)(3)(A) and Section 1415 (i)(3)(B).

---
[1] The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act ("IDEIA"). For simplicity and consistency with prior case law, this Complaint will refer to the statutory scheme as the IDEA.

2. Plaintiffs R.J. ("Father") and C.H. ("Mother") are the parents of Plaintiff I.J. ("Student"). At all times, relevant to this complaint, Father and Mother resided in the State of California, County of Orange. At all times relevant to this complaint, Student was a minor child residing in the State of California, County of Orange with her parents.

3. Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code § 56026, and therefore is entitled to receive special education and related services. Special education services are delivered to students through an individualized education program ("IEP") developed at a meeting by a team of individuals which include, at a minimum, the student's parents and school district personnel.

4. Defendant Irvine Unified School District ("District") is a governmental agency located within the County of Orange, State of California, and conducting business therein.

5. Pursuant to Federal Law, disputes under the IDEA are handled in an administrative "due process" hearing. 20 U.S.C. § 1415(f).

6. A prevailing parent in a due process matter is entitled to an award of attorneys' fees for the successful prosecution of that matter. 20 U.S.C. § 1415(i)(3)(B). The district courts of the United States shall have jurisdiction of actions brought under this section. 20 U.S.C. § 1415(i)(3)(A).

## FACTUAL ALLEGATIONS

7. Plaintiffs hereby incorporate and re-allege Paragraphs 1-6 above and incorporate the same as though fully set forth herein.

**COMPLAINT**
- 2-

8. Student is an eleven (11) year old girl who has resided with her Mother and Father within the boundaries of the District at all times relevant to this complaint.

9. Student is eligible for special education and related services as defined by the IDEA and by the District during all times relevant to this complaint.

10. On or about September 24, 2021, the District filed a due process hearing request with the Office of Administrative Hearings ("OAH") – the state agency responsible for administering due process hearings. The District's September 24, 2021 due process complaint was designated OAH Case No. 2021090782.

11. On or about October 5, 2021, Student filed a due process hearing request with OAH. The Student's October 5, 2021 due process complaint was designated OAH Case No. 2021100153. Student amended her complaint on January 18, 2022.

12. On November 18, 2021, OAH granted Student's motion to consolidate the District's and Student's cases.

13. On January 18, 2022, Student amended her due process complaint.

14. In the consolidated matter, Student raised 15 issues, designated Issues 1 – 15 by OAH, (1) whether the District denied Student a FAPE by failing to provide a Prior Written Notice ("PWN") regarding the Specialized Academic Instruction ("SAI") minutes offered in the May 23, 2019 IEP; (2) whether the District denied Student a FAPE by failing to provide a PWN related to the COVID-19 closures; (3) whether the District denied Student a FAPE by failing to provide Student her last agreed-upon and implemented IEP placement, services, and accommodations during the COVID-19 pandemic; (4) whether the District denied Student a FAPE by failing to have an IEP in place at the beginning of the 2020-2021 school year; (5) whether the District denied student a FAPE by failing to hold an IEP Team meeting in response to Student's increasing needs during the 2020-2021 school year; (6) whether the District denied Student a FAPE by failing to make an appropriate offer of placement and services in the

IEP developed on March 22, 2021; (7) whether the District denied Student a FAPE by failing to fully implement the October 29, 2020 IEP; (8) whether the District denied Student a FAPE by failing to provide a PWN in response to Parents' request or change in placement and additional supports during the 2020-2021 school year; (9) whether the District denied Student a FAPE by failing to make an appropriate offer of placement and services at the April 27, 2021 IEP; (10) whether the District denied Student a FAPE by failing to make an appropriate offer of placement and services at the June 2, 20121 IEP; (11) whether the District denied Student a FAPE b failing to make an appropriate offer of placement and services at the August 24, 2021 IEP; (12) whether the District denied Student a FAPE by failing to fully implement the October 29, 2020 IEP as amended on April 27, 2021; (13) whether the District denied Student a FAPE by failing to make an appropriate offer of services at the November 23, 2021 IEP; (14) whether the District denied Student a FAPE by failing to fully implement the November 23, 2021 amendment IEP; (15) whether the District denied Student a FAPE by failing to make an appropriate offer of services at the January 11, 2022 IEP.

15. In the consolidated matter, the District had one issue, designated Issue 16 by OAH, whether the District's June 2, 2021 Multidisciplinary Assessment Report appropriate within the meaning of Education Code section 56329, subdivision (c), such that the District is not required to fund Independent Educational Evaluations ("IEEs") of Student at public expense.

16. The matter was heard by Administrative Law Judge ("ALJ") Alexa Hohensee on March 15, 16, 17, 22, 23, and 24, 2022.

17. ALJ Hohensee rendered her decision on or about April 29, 2022, finding that Student was the prevailing party on one issue. ALJ Hohense made a number of legal and factual errors which resulted in an inconsistent decision with regard to her ruling on Issues One, Two, Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen.

# FIRST CAUSE OF ACTION
# PARTIAL APPEAL OF THE OAH DECISION

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1-17 above and incorporate the same as though fully set forth herein.
2. ALJ Hohensee erroneously decided that Student failed to meet her burden of proof as to Issues One, Two, Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve Thirteen, Fourteen, Fifteen, and Sixteen.

# REQUESTS

WHEREFORE, Plaintiffs respectfully request the following relief:

    1)    1.    That ALJ Hohensee's decision be overturned as to Issues One, Two, Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve Thirteen, Fourteen, Fifteen, and Sixteen.

    2)    That, upon the successful prosecution of this matter, Parents be awarded their reasonable attorneys' fees as a prevailing party in this appeal.

For such other and further relief as the Court deems just and proper.

Dated: June 16, 2022        TIMOTHY A. ADAMS & ASSOCIATES, APLC

By: <u>Timothy A. Adams /s/</u>
Timothy A. Adams
Phillip W. VanAllsburg
Attorneys for Plaintiffs
R.J., et al.

**COMPLAINT**
- 5-